# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.  13-62428-CIV-ROSENBAUM/HUNT

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL WILLIAM DOWNER,

       Defendant.

_____/

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This matter is before the Court upon Plaintiff United States of America's Motion for Entry of Default Judgment [ECF No. 14].  The Court has reviewed Plaintiff's Motion and the record in this case is otherwise fully advised in the premises.  For the reasons set forth below, the Court grants Plaintiff's Motion.

### I. Procedural Background

Plaintiff United States of America filed its Complaint against Defendant Michael William Downer seeking to enforce and collect a Forfeiture Order issued by the Federal Communications Commission ("FCC") Enforcement Bureau on November 13, 2012.  ECF No. 1 at ¶ 13.  Defendant was served with a copy of the Complaint and Summons on November 20, 2013, but Defendant filed no response.  On Plaintiff's motion, the Clerk entered a default against Defendant on January 9, 2014, ECF No. 12, and Plaintiff filed a Motion for Entry of Default Judgment on January 14, 2014. ECF No. 14.

1

On January 14, 2014, this Court ordered Defendant to show cause in writing why Plaintiff's default judgment motion should not be granted.  ECF No. 15.  In the Order to Show Cause, the Court cautioned Defendant that "a failure to timely respond may result in the granting of Plaintiff's Motion and the immediate entry of a default judgment against Defendant."  *Id.* at 1.  To date, however, Defendant has not responded to the Order to Show Cause, nor has he responded to the Complaint.

## II. Discussion

Under Rule 55, Fed.R.Civ.P., if a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party.  Fed.R.Civ.P. 55(a).  Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant.  Fed.R.Civ.P. 55(b).

By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint.  *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir.2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)).  Although facts are admitted as true, conclusions of law are not; a sufficient basis must still exist in the pleadings to state a claim before a court may enter a default judgment.  *Nishimatsu*, 515 F.2d at 1206.

### A. Factual Allegations

Plaintiff's Complaint pleads the following facts, which are deemed admitted by virtue of Defendant's default.  On October 20, 2011, and February 27, 2012, agents from the FCC Enforcement Bureau's Miami Office used direction-finding techniques to locate the source of radio-frequency transmissions on the frequency 101.1 MHz.  ECF No. 1 at ¶ 9.  The source proved to be an FM-transmitting antenna mounted on an antenna structure at a commercial property located in

Pompano Beach, Florida.  *Id.*  After determining that the signals on 101.1 MHz exceeded the limits for operation under FCC Rules, the FCC required a license.  *Id.*  But the FCC discovered that Defendant was broadcasting over the unlicensed station, and FCC records indicated that no authorization had been issued to Defendant or anyone else to operate an FM broadcast station at or near the observed location.  *Id.*; *see also* ECF No. 1-4 at 3.

Based on these violations, on July 16, 2012, the FCC Enforcement Bureau issued a Notice of Apparent Liability for Forfeiture in the form of a $20,000.00 forfeiture penalty.  *Id.* at ¶ 10.  The penalty reflected the $10,000.00 base amount and was adjusted upward, based on the fact that Defendant continued to operate an unlicensed station after being notified several times that his unlicensed operation of a radio station contravened the Communications Act and FCC Rules.  ECF No. 1-4 at 4.  The Notice ordered Defendant to pay the full amount of the proposed forfeiture or to file a written statement seeking reduction or cancellation of the proposed forfeiture within thirty days of the date of the Notice.  ECF No. 1 at ¶ 11.  Defendant neither paid the penalty nor contested the Notice.  *Id.* at ¶ 12.  Accordingly, the FCC Enforcement Bureau issued a Forfeiture Order against Defendant in the amount of $20,000.00 on November 13, 2012.  ECF No. 1-5.

## B. Analysis

The Communications Act grants exclusive licensing authority regarding the use of broadcasting frequencies for radio and television stations.  *United States v. Simon*, No. 8:08-cv-403-T-30MAP, 2009 WL 1444406, at *3 (M.D. Fla. May 21, 2009) (citing *In re Beach Television Partners*, 38 F.3d 535, 536 (11th Cir.1994)).  Section 301 of the Communications Act of 1934, 47 U.S.C. § 301, prohibits the operation of "any apparatus for the transmission of energy or communications or signals by radio" from one place in any state to another place in the same state

except with a license and in accordance with the provisions of the Act.  Radio transmissions falling within the frequency range of 88-108 MHz are exempt from licensing; however, this exemption applies only where the field strength of the signals does not exceed 250 microvolts per meter, at a distance of three meters.  47 C.F.R. § 15.239.  Otherwise, the transmission of signals must be made pursuant to an individual license under 47 U.S.C. § 301.

By statute, the FCC may impose a forfeiture penalty on a party who "willfully or repeatedly failed to comply with any of the provisions of [Chapter 5, Title 47, United States Code] or of any rule, regulation, or order issued by the Commission under this chapter."  47 U.S.C. § 503(b)(1).  In certain circumstances, a forfeiture penalty may be imposed only after the FCC issues a "notice of apparent liability," such notice is sent by certified mail, and the party affected is granted an opportunity to show in writing why no forfeiture penalty should be imposed.  *Id.* § 503(b)(4).  Forfeiture penalties issued in this manner are recoverable after a de novo trial in a civil suit brought in the name of the United States.  47 U.S.C. § 503(b)(1), 504(a).

The base penalty that may be assessed by the FCC is $10,000.00 and may not exceed $75,000.00 for a single occurrence.  47 U.S.C. § 503(b)(2)(D).  The actual penalty may be adjusted upward by the FCC after consideration of "the nature, circumstances, extent, and gravity of the violation and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and such other matters as justice may require."  47 U.S.C. §  503(b) (2)(E).

Under the facts set forth in the Complaint and its attached FCC documents—and deemed admitted by virtue of Defendant's default—Plaintiff has established that Defendant violated FCC regulations concerning unlicensed broadcast operations.  Furthermore, the FCC appropriately

considered the statutory factors in adjusting the forfeiture penalty upward from the base amount. Accordingly, Plaintiff is entitled to recover the $20,000.00 forfeiture penalty from Defendant.

### C. Costs

A court must review the costs claimed by a prevailing party to ensure that they are authorized under the relevant statute or rules and are reasonable. *See, e.g., Azam–Qureshi v. The Colony Hotel, Inc.*, 540 F. Supp. 2d 1293, 1300 (S.D. Fla.2008). Plaintiff has requested costs in the amount of $50.00 to cover service of the Complaint and Summons. ECF No. 14-4. In support of this claim, Plaintiff has submitted a bill of costs and receipt of fee paid to a private process server. ECF Nos. 14-3 at 3; 14-4. Private process-server fees may be recovered by statute, and the Court finds the requested fee reasonable. *See EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); 28 U.S.C. § 1920; 28 C.F.R. § 0.114 (setting process service fee of $55.00 per hour for the United States Marshals). Therefore, Plaintiff is awarded costs in the amount of $50.00.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment [ECF No. 14] is **GRANTED**. Plaintiff is entitled to recover a forfeiture penalty of $20,000.000, plus post-judgment interest, and $50.00 is costs. Pursuant to Rule 58, Fed. R. Civ. P., the Court will separately enter an Order of Final Judgment.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 14th day of February 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record

5

Michael William Downer
11951 NW 31st Street
Sunrise, Florida 33323